FILED
SUPERIOR COURT
OF GUAM

2020 APR -2 PM 12: 53

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0421-19 |
| vs. | |
| **MARIO ESPINOSA,** *aka Mario Joaquin Espinosa, Jr.* *aka Mario Joaquin Espinoza,* DOB: 11/14/1989 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 6, 2020, for a Revocation Hearing. Defendant Mario Espinosa ("Defendant") was represented by Alternate Public Defender Peter J. Santos. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On August 1, 2019, the Defendant Mario Espinosa was charged via Indictment with: 1) Assault Against a Peace Officer (as a Third Degree Felony); 2) Terrorizing (as a Third Degree Felony) with Special Allegation: Use of a Deadly Weapon in the Commission of a Felony; 3) Assault (as a Misdemeanor); 4) Resisting Arrest (as a Misdemeanor); and 5) Harassment (as a Petty Misdemeanor). On October 17, 2019, the Defendant pled guilty to the Second Charge of Terrorizing (as a Third Degree Felony). Pursuant to the Plea Agreement, the Defendant was

sentenced to three (3) years imprisonment at the Department of Corrections, all but sixty (60) days suspended, and with credit for time served. *See* Plea Agreement (Nov. 20, 2019). The Defendant was also placed on supervised probation for three (3) years. *Id.*

On October 31, 2019, Probation Officer Sylvina Charfauros ("P.O. Charfauros") filed a Violation Report indicating that the Defendant failed to report as ordered, failed to attend and complete counseling, failed to make payments for fines and court costs, and failed to perform and complete community service. *See* Violation Report (Oct. 31, 2019). Consequently, the Court issued a Warrant of Arrest pursuant to the Violation Report.

On December 10, 2019, the Court received the Return of Warrant and committed the Defendant at the Department of Corrections, set bail at One Thousand Dollars ($1,000.00) cash, and set the matter for a hearing the following day. *See* Commitment Order (Dec. 10, 2019).

On December 11, 2019, P.O. Charfauros filed a Second Violation Report indicating that the Defendant failed to obey all the laws of Guam. *See* Second Violation Report (Dec. 11, 2019). Specifically, that on December 8, 2019, the Defendant appeared before Magistrate Judge Jonathan R. Quan, at which time he was formally charged in Criminal Case No. CF0669-19 with Home Invasion (as a Third Degree Felony) and Second Degree Robbery (as a Second Degree Felony). That same day, the Defendant appeared before the Court for a hearing on the Return of Warrant pursuant to the Violation Report filed on October 31, 2019. Aware of the Second Violation Report recently filed, the People moved for remand. Subsequently, the Court granted the People's oral request for remand and set the matter for a Revocation Hearing.

On February 6, 2020, a Revocation Hearing was held. At the hearing, defense counsel informed the Court that a plea may have been entered in CF0669-19. The People however, argued for revocation due to the Defendant's inability to comply with the terms of his probation. The People also called on P.O. Charfauros to testify. P.O Charfauros testified regarding the Defendant's probation status in the instant case, and confirmed that the Defendant had failed to satisfy the terms of his probation as contemplated in the plea agreement. The Defendant also addressed the Court and submitted a written letter for the Court's consideration. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Probation is a privilege, not a right to which a defendant is entitled. *People v. Camacho*, 2009 Guam 6 ¶ 26. However, once probation is granted, courts cannot simply revoke such privilege at its discretion. *Id.* Only "upon a showing of probable cause that a defendant has violated a condition of his or her probation," and when the court is "satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed" by the conditions, may the court revoke probation. 9 GCA § 80.66(a)(1) and (2). Moreover, "[v]iolation of a condition shall not result in revocation . . . unless the court determines that revocation under all circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 GCA 80.66(a)(2). Thus, probation revocation is a two-step process in which the Court must first determine if the probation violation occurred, and then determine if the violation warrants revoking probation. *Camacho*, 2009 Guam 6 ¶ 26. Should the court ultimately revoke probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

The Defendant's plea agreement set forth the terms of his probation that required the Defendant, among other conditions, to: 1) report monthly in person; 2) attend and complete counseling; 3) pay fines and court costs; 4) perform one hundred and fifty (150) hours of community service; and 5) obey all local and federal laws. Here, it is clear that the Defendant violated the terms of his probation. At the revocation hearing, the Defendant admitted that he failed to comply with a substantial requirement imposed by the conditions set forth in the plea agreement. According to P.O. Charfauros, since the execution of the plea agreement in this matter, the Defendant never reported for intake and processing, never set up a payment a schedule for imposed fines and court costs, and never established a record for community service hours. Further, it is also evident that the Defendant violated the terms of his probation when he picked up new charges and entered a guilty plea in CF0669-19. Thus, the Court finds that there is probable cause to determine that the Defendant has violated the terms of his probation in the above matter, and that such violation warrants revocation of probation. The Court also notes the Defendant's extensive criminal history and his inability to successfully

complete the terms of his probation in those matters, as well as his consistent violation of such terms. Therefore, because it is highly probable that the Defendant will likely continue to violate the terms of his probation, and in considering all the circumstances, the Court finds that revocation would best satisfy the ends of justice and the best interests of the public. Accordingly, the Court hereby **ORDERS** the Defendant's probation **REVOKED** and imposes the sentence contemplated in the plea agreement, that is, *three (3) years* imprisonment at the Department of Corrections, *with credit for time served.*

## CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** the Defendant's probation **REVOKED** and imposes the sentence contemplated in the plea agreement, that is, *three (3) years* imprisonment at the Department of Corrections, *with credit for time served.*


**IT IS SO ORDERED** ___APR 0 2 2020___ .




**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**